UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEANINE L. JACKSON and JOHN DOE,

    Plaintiffs,

v.                                            Case No. 17-cv-126-pp

DANIE EDWARDS, NINA C. HARRIS,
DARREL CRAWFORD, JOSHUA STORMS,
MICHAEL NICHOLS, TIM WINTERS, and
MATT BARNES,

    Defendants.

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION; VACATING THE CLERK'S SEPTEMBER 12, 2017 ENTRY OF DEFAULT AS TO DEFENDANTS CRAWFORD, EDWARDS AND STORMS; VACATING THE CLERK'S SEPTEMBER 14, 2017 ENTRY OF DEFAULT AS TO DEFENDANTS NICHOLS AND WINTERS; DENYING AS MOOT DEFENDANT BARNES'S MOTIONS FOR EXTENSION OF TIME (DKT. NO. 14) AND TO DISMISS (DKT. NO. 22); AND DENYING AS MOOT PLAINTIFF'S MOTIONS TO STRIKE DEFENDANT EDWARDS'S CONSENT/REFUSAL (DKT. NO. 17), ENLARGE TIME TO SERVE DEFENDANTS (DKT. NO. 18) AND STRIKE DEFENDANT BARNES'S MOTION TO DISMISS (DKT. NO. 25)**

**I.    Introduction**

On January 27, 2017, the plaintiff, who is representing herself,[1] filed a forty-seven page complaint based on comments allegedly posted about her on Facebook, Instagram and Twitter. Dkt. No. 1. After the plaintiff posted her own opinions about various athletes, others responded with what the plaintiff

---

[1] The caption of the plaintiff's complaint lists "John Doe" as a plaintiff, dkt. no. 1 at 1, and in the body of the complaint, she indicates that there may be other parties and she reserves the right to add them, dkt. no. 1 at 2. The plaintiff is not a lawyer. She may not act on behalf of other people unless she files a class action suit and follows the rules for certifying a class.

1

characterizes as nothing less than a "cyberattack." The plaintiff has sued Matt Barnes, a professional basketball player with the Golden State Warriors, and six other individuals from Wisconsin, Illinois, Ohio and Arizona, alleging violations of the First, Fourth and Fourteenth Amendments and various state common laws.

On September 12, 2017, after the plaintiff requested that it do so, the clerk's office entered default against defendants Crawford, Edwards and Storms. Two days later, again at the plaintiff's request, the clerk's office entered default as to defendants Michael Nichols and Tim Waters.

Because this court does not have subject matter jurisdiction over this case, however, the clerk's office did not have authority to enter default, and the court must dismiss the case.

## II. Complaint

Since January of 2014, the plaintiff has been a member of a Facebook group known as Sports Global, where members post pictures of sports figures and discuss sports topics. Id. at ¶51. The plaintiff asserts that she posted pictures of Barnes and other athletes, such as Kobe Bryant and Floyd Mayweather. Id. at ¶¶59, 60. The plaintiff and other Sports Global members—including Edwards, Winters, Harris, Storms and Crawford—have diverging opinions on Dwyane Wade and Serena Williams. Id. at ¶¶69-75. Edwards and others allegedly made disparaging comments about the plaintiff, posted offensive pictures of the plaintiff and contacted Barnes to suggest he get a

restraining order. Id. at ¶¶81, 82, 94-97, 100-105, 111, 121, 140, 141. The plaintiff alleges that because of the defendants' actions, she

> has been extremely paranoid, depressed, constantly looking over her shoulders, crying, has loss of appetite, has a hard time remaining focused on projects, has lost interest in her business ventures, suffered loss of income, and has sought medical attention which includes counseling and has gone to extreme measures by contemplating on attending a Wisconsin Conceal Carry Class to be legally allowed to purchase and carry protection to protect herself.

Id. at ¶143.

### III. Analysis

#### A. Subject Matter Jurisdiction

Rule 12(h)(3) of the Federal Rules of Civil Procedure says that a court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Title 28, United States Code §1331 provides for federal question jurisdiction, and §1332 provides for diversity of citizenship jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1343 provides jurisdiction for claims arising under the Civil Rights Acts. 28 U.S.C. §1343. If a plaintiff has otherwise established a basis for the court to exercise subject matter jurisdiction, the court also may, in its discretion, exercise supplemental jurisdiction over any state law claims. 28 U.S.C. §1367. In her complaint, the plaintiff alleges that the court has subject matter jurisdiction under 28 U.S.C. §§1331, 1343(3) and (4) and 28 U.S.C. §§1367(a) and 1441.

##### 1. *Federal Question Jurisdiction*

A plaintiff properly invokes §1331 federal question jurisdiction when she pleads a colorable claim arising under the Constitution or the laws of the

3

United States. See Bell v. Hood, 327 U.S. 678, 681-685 (1946). Here, the plaintiff's complaint contains the following fourteen claims: (1) that Edwards, Harris and Winters violated the First Amendment; (2) invasion of privacy; (3) public disclosure of private facts; (4) false light; (5) libel; (6) slander; (7) defamation; (8) negligence; (9) wrongful misrepresentation; (10) that Harris, Winters, Crawford, Storms, Barnes, Edwards, Nichols and Doe violated the Fourth Amendment; (11) that Harris, Edwards, Winters, Nichols, Barnes, Crawford, Storms and John Doe violated the Fourteenth Amendment; (12) intentional infliction of emotional distress; (13) negligent infliction of emotional distress; and (14) negligent supervision. Of these fourteen claims, only three allege violations of the federal Constitution—the First Amendment claim against Harris and Winters; the Fourth Amendment claim against all of the defendants; and the Fourteenth Amendment claim against all of the defendants.

As far as the court can tell, all of the defendants are private citizens; none of them are government actors or employees. This is important, and fatal to the plaintiff's constitutional claims. The First Amendment says that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of Grievances." That amendment prohibits the *government*—not private citizens—from violating someone's right to free speech. Hudgens v. NLRB, 424 U.S. 507, 513 (1976). The Fourth Amendment prohibits

4

the *government*—not private citizens—from conducting unreasonable searches or seizures. Christensen v. County of Boone, 483 F.3d 454, 459 (7th Cir. 2007). The Fourteenth Amendment prohibits *states*—not private citizens—from denying their citizens the equal protection of the laws. Cooper v. Aaron, 358 U.S. 1, 17 (1958).

Neither the Constitution nor federal statutes grant plaintiffs a private right of action against private citizens for violations of constitutional protections. These amendments regulate government activity, rather than purely private conduct. See generally Corrigan v. Buckley, 271 U.S. 323, 330 (1926).

There is a statute which allows a person to file a lawsuit alleging a violation of her civil rights—42 U.S.C. §1983. The plaintiff did not sue under §1983, but even if she had, §1983 allows plaintiffs to sue only those individuals who violate a person's constitutional rights while acting under the color of state law. Case v. Milewski, 327 F.3d 564, 567 (7th Cir. 2003). An individual acts "under state law" when the state has conferred on that person some degree of authority, or when the person has conspired or acted in concert with state officials to deprive a plaintiff of her civil rights. Id. Like the constitutional amendments the plaintiff cites, §1983 does not apply to purely private conduct. See Wade v. Byles, 83 F.3d 902, 904 (7th Cir. 1996).

Because nothing in the complaint suggests that these defendants were anything other than private individuals responding to the plaintiff's posts on

social media, the court lacks subject matter jurisdiction under 28 U.S.C. §§1331 and 1343(3) and (4).

  2.  *Diversity Jurisdiction*

Diversity of citizenship exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §1332(a).

The plaintiff lives in Milwaukee, Wisconsin. Dkt. No. 1 at ¶6. Defendants Michael Nichols, Tim Winters and Darrel Crawford also live in Wisconsin. Id. at ¶¶28, 33. According to the plaintiff, defendant Danie Edwards resides in Illinois, defendant Nina Harris resides in Arizona, defendant Joshua Storms resides in Iowa, and defendant Matt Barnes resides in California. Id. at ¶¶21, 24, 37.

So—at least three of the named defendants (Nichols, Winters and Crawford) live in the same state as the plaintiff. Since 1806, the United States Supreme Court has held that §1332 requires "complete diversity between all plaintiffs and all defendants." Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806), and quoting Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Because there is not complete diversity between the plaintiffs and all of the defendants, the court does not have diversity jurisdiction over the case, either.

  3.  *Supplemental Jurisdiction*

The plaintiff's other eleven claims are state common law claims. 28 U.S.C. § 1367(c)(3) does allow a federal court the discretion to hear state law

claims, but only if it has jurisdiction over underlying federal claims. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Wright v. Associated Ins. Cos. Inc., 29 F.3d 1244, 1251 (7th Cir. 1994).

Because the court does not have either federal question or diversity jurisdiction, it has no authority to exercise jurisdiction over the plaintiff's remaining state-law claims.

    B.    <u>Entries of Default</u>

Because the court does not have subject-matter jurisdiction, the clerk's office had no authority to enter default. The court will vacate the entries of default under Rule 55(c) of the Federal Rules of Civil Procedure, which provides that "a court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

**IV.   Conclusion**

The court **DISMISSES** the case for lack of subject-matter jurisdiction. The court will enter judgment accordingly.

The court **VACATES** the September 12, 2017 and September 14, 2017 entries of default.

The court **DENIES AS MOOT** defendant Barnes's motion for extension of time to file answer (dkt. no. 14) and defendant Barnes's motion to dismiss (dkt. no. 22).

The court **DENIES AS MOOT** the plaintiff's motion to strike defendant Edwards's Consent/Refusal (dkt. no. 17), plaintiff's motion to enlarge time to serve defendants Winters, Harris and Crawford (dkt. no. 18), and plaintiff's motion to strike defendant Barnes's motion to dismiss (dkt. no. 25).

Dated in Milwaukee, Wisconsin this 12th day of December, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**